```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA
```

_____
                                    )
DEBORAH MORRIS,                     )
                                    )
            Plaintiff,              )
                                    )
    v.                              ) Civil Action No. 20-0016 (EGS)
                                    )
OFFICE OF PERSONNEL MANAGEMENT,     )
                                    )
            Defendant.              )
_____)

## MEMORANDUM OPINION

This matter is before the Court on defendant's Motion to Dismiss (ECF No. 20) and plaintiff's "Motion to Rule on Constitutional Questions of Office of Personnel Management, et. al. Shield of Sovereign Immunity Given Their Systemic Paradigm Hiring Structure – Does or Does Not Violate Plaintiff['s] Constitutional Rights of 'Equal Protection' Under the Law" (ECF No. 26). For the reasons discussed below, the Court grants the former and denies the latter.

I.  BACKGROUND

Plaintiff filed her original complaint (ECF No. 1, "Compl.") on January 2, 2020. After plaintiff filed a document (ECF No. 14) later identified (ECF No. 16) as a supplement to her original complaint, by Minute Order on July 20, 2020, the Court directed plaintiff to file an amended complaint setting forth in a single pleading the allegations of her original complaint and its supplement. Plaintiff filed the amended complaint (ECF No. 19, "Am. Compl.") on August 5, 2020.

Plaintiff, who was born in 1950, *see* Compl. at 4, explains that she had retired for health reasons, Am. Compl. at 7. Now that her

"health is stable [she] desir[es] work to sustain [her] Life." *Id*. She allegedly has a "severe physical disability and can be considered for employment under Schedule A hiring authority 5 CFR 213.3102(u)." *Id.*, Attach. IV (ECF No. 19-1 at 24); *see id*. at 7.[1]

Plaintiff alleges that she has applied for employment with the federal government via USAJOBS.com, the website of the United States Office of Personnel Management ("OPM"), *see* Am. Compl. at 3-5, and was not selected for any, *see id.* at 5. According to plaintiff, the algorithm OPM applies is biased against applicants who are older, disabled, or who are not currently federal employees. *See id.* She finds the application process "very [c]onfusing and frustrating," and "complicated applications [have] caused [her] enormous problems with comprehension[] as well as accessibility[.]" *Id.* at 10-11. Plaintiff claims to have met all the qualifications for each position for which she applied, yet she neither was interviewed nor selected for a position. *See id.* at 12. As a result, plaintiff claims, OPM "has caused [her] undue Stress, Limitations and Sadness[] – depriving [her] of [her] 'NATURAL RIGHTS' – 'GOD GIVEN RIGHTS' under the U.S. Constitution – an American Citizen who is 70." *Id.* at 13 (emphasis in original). She demands compensation of $50 million for the alleged denial of her '"Natural Right' – 'God Given Right' – As set forth within the Constitution = Natural and Unalienable Rights – 'LIFE,

---

[1] Under Schedule A, a government "agency may appoint, on a permanent, time-limited, or temporary basis, a person with an intellectual disability, a severe physical disability, or a psychiatric disability according to the provisions" set forth in the regulation. 5 C.F.R. § 213.3012(u).

LIBERTY AND THE PURSUIT OF HAPPINESS'." *Id.* at 14 (emphasis in original).

## II. DISCUSSION

### A. Legal Standards

#### 1. Dismissal for Lack of Subject Matter Jurisdiction

Because "[f]ederal courts are courts of limited jurisdiction, . . . [i]t is . . . presumed that a cause lies outside this limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and the plaintiff bears the burden of establishing a basis for the Court's jurisdiction, *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). In assessing whether it has jurisdiction, the Court "assume[s] the truth of all material factual allegations in the complaint and construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged[.]" *Am. Nat. Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal quotation marks and citations omitted). However, the Court "need not limit itself to the allegations of the complaint," and "may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction in the case." *Rann v. Chao*, 154 F. Supp. 2d 61, 61 (D.D.C. 2001).

#### 2. Dismissal for Failure to State a Claim On Which Relief Can Be Granted

A plaintiff need only provide a "short and plain statement of [her] claim showing that [she] is entitled to relief," Fed. R. Civ. P. 8(a)(2), that "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551

3

U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). A complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] [a] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994); *see Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). However, "the [C]ourt need not accept inferences drawn by [the] plaintiff[] if such inferences are unsupported by the facts set out in the complaint." *Kowal*, 16 F.3d at 1276. Nor must the Court accept "a legal conclusion couched as a factual allegation," nor "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (noting that the D.C. Circuit has "never accepted legal conclusions cast in the form of factual allegations" (internal quotation marks omitted)).

A complaint survives a motion under Rule 12(b)(6) only if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the [C]ourt to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[A] complaint [alleging] facts that are

merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557).  Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson*, 551 U.S. at 94 (internal quotation marks and citation omitted), it too, "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

**B. The Declaration of Independence**

Defendant observes, *see* Mem. of P. & A. in Support of Def.'s Mot. to Dismiss (ECF No. 20-1, "Def.'s Mem.") at 7, that certain language plaintiff adopts, such as the phrase "Life[,] Liberty, and the pursuit of Happiness," Am. Compl. at 14, is derived from the Declaration of Independence.  Because the Declaration of Independence "does not confer jurisdiction upon the federal courts," defendant moves to dismiss the amended complaint for lack of subject matter jurisdiction. Def.'s Mem. at 7-8.

To the extent plaintiff relies on the Declaration of Independence as a basis for this Court's jurisdiction, her reliance is misplaced. *See Coffey v. United States*, 939 F. Supp. 185, 191 (E.D.N.Y. 1996) ("While the Declaration of Independence states that all men are endowed certain unalienable rights including 'Life, Liberty and the pursuit of Happiness,' . . . it does not grant rights that may be pursued through the judicial system."); *Bowler v. Welsh*, 719 F. Supp.

25, 26 (D. Me. 1989) ("We have no jurisdiction over claims allegedly arising under the Declaration of Independence.").

### C. Disability Discrimination

Defendant presumes, *see* Def.'s Mem. at 9, that a disability discrimination claim would proceed under the Rehabilitation Act, pursuant to which a federal government employer must take "affirmative action . . . for the hiring, placement, and advancement of individuals with disabilities," 29 U.S.C. § 791(b).

#### 1. Exhaustion of Administrative Remedies

The Court may entertain a claim under the Rehabilitation Act only if a plaintiff has raised the claim at the administrative level. *See Spinelli v. Goss*, 446 F.3d 159, 162 (D.C. Cir. 2006) (remanding case for dismissal of "Rehabilitation Act claim for lack of jurisdiction on the ground that [plaintiff] failed to exhaust his administrative remedy"); *see also Taylor v. Small*, 350 F.3d 1286, 1292 (D.C. Cir. 2003) (expressing "doubt the district court would have had jurisdiction to entertain [Rehabilitation Act claim] because [plaintiff] failed to exhaust her administrative appeal rights"). In this sense, the Rehabilitation Act's exhaustion requirement is jurisdictional. *Spinelli*, 446 F.3d at 162; *see Doak v. Johnson*, 798 F.3d 1096, 1103 (D.C. Cir. 2015) (noting that *Spinelli* "addressed the jurisdictional consequence of a plaintiff's wholesale failure to file an administrative complaint or to obtain any administrative decision at all").

Applicable regulations require that a complainant "consult a Counselor prior to filing a complaint in order to try to informally

resolve the matter," and that such contact must occur "within 45 days of the date of the matter alleged to be discriminatory[.]"  29 C.F.R. § 1614.105(a)(1).  At most, plaintiff alleges she engaged in "Several Hours and days of Mediations with EEOC Representative Leona Bedrossian and DHHS of Equal Employment Opportunity Compliance and Operations Director Cynthia Richardson-Cook."  Am. Compl. at 13.  Presumably "DHHS" refers to the U.S. Department of Health and Human Services.  Any consultation or mediation in which plaintiff may have engaged with DHHS has no bearing on this case.  DHHS is not a party defendant, and in this case plaintiff alleges that OPM, not DHHS, discriminated against her.

Because plaintiff does not demonstrate exhaustion of administrative remedies as to OPM, this Court has no jurisdiction over a Rehabilitation Act claim.  *See Koch v. White*, 744 F.3d 162, 165 (D.C. Cir. 2014) (affirming dismissal of Rehabilitation Act claim for failure to exhaust administrative remedies); *see also* 29 C.F.R. § 1614.407.

### 2. Allegations of the Amended Complaint

Even if plaintiff had exhausted a Rehabilitation Act claim, defendant argues that the claim must fail.  *See* Def.'s Mem. at 10-11.  Defendant points to plaintiff's exhibits, *see* Am. Compl., Ex. (ECF No. 19-1 at 17-20, 45-53), indicating that she applied for positions at the National Institutions of Health, Uniformed Services University of the Health Sciences and DHHS.  Defendant also proffers that plaintiff applied for 105 positions posted by various agencies via USAJOBS.gov between August 2019 and September 2020.  *See* Def.'s Mem., Ex. (ECF No.

7

20-2). "[N]one of these positions were within OPM." *Id.* at 11. Thus, defendant asserts, because "OPM . . . had no involvement in employment determinations for positions outside OPM," plaintiff fails to state a Rehabilitation Act claim against OPM. *Id.* at 10; *see id.* at 13.

In addition, defendant argues that plaintiff fails to allege that she suffered an adverse employment because of her disability. *See id.* at 13. The "two essential elements of a discrimination claim [under the Rehabilitation Act] are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's . . . disability." *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir. 2008) (citations omitted). For purposes of this discussion, the Court presumes that plaintiff has a disability as evidenced by her doctor's certification. *See* Am. Compl., Attach. IV. Missing from her amended complaint, however, are any factual allegations from which to draw a reasonable inference that OPM is liable for discriminating against plaintiff because of a disability. Her general assertions, for example, of "Failure To Accommodate . . . Disability In Plaintiff's recruiting, Applications submissions [and] processing," Am. Compl. at 5, do not suffice absent some allegation that plaintiff actually sought an accommodation from OPM. Similarly, general assertions of systemic discrimination, *see id.* at 12, do not support a claim that plaintiff herself suffered an adverse employment action by OPM because of her disability.

The Court concurs with defendant's assessment that the complaint, as amended, fails to state a Rehabilitation Act claim against OPM.

8

**D.     Age Discrimination**

**1.     Exhaustion of Administrative Remedies**

An age discrimination claim would proceed under the Age Discrimination in Employment Act ("ADEA"), *see* 29 U.S.C. §§ 621-34, which requires that "[a]ll personnel actions affecting . . . applicants for employment who are at least 40 years of age . . . be made free from any discrimination based on age," 29 U.S.C. § 633a(a). Unlike a claim under the Rehabilitation Act, plaintiff's apparent failure to exhaust her administrative remedies does not deprive the Court of jurisdiction. *See Achagzai v. Broad. Bd. of Governors*, No. 17-CV-612, 2018 WL 4705799, at *4 (D.D.C. Sept. 30, 2018) (noting that ADEA lacks a jurisdictional exhaustion requirement); *Koch v. Walter*, 934 F. Supp. 2d 261, 269 (D.D.C. 2013) ("By contrast [with the Rehabilitation Act], failure to exhaust under the ADEA and Title VII is an affirmative defense, not a jurisdictional requirement."); *see also* 29 C.F.R. § 1614.201(a).

**2.     Allegations of the Amended Complaint**

Exhaustion aside, defendant deems the amended complaint deficient for its failure to allege facts to support an age discrimination claim. *See* Def.'s Mem. at 12. Generally, "[t]o establish a prima facie case under the ADEA, for a claim involving a failure to hire, the plaintiff must demonstrate that (1) she is a member of the protected class (*i.e.,* over 40 years of age); (2) she was qualified for the position for which she applied; (3) she was not hired; and (4) she was disadvantaged in favor of a younger person." *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139, 1155 (D.C. Cir. 2004). While plaintiff

need not plead each element of a prima facie case to survive a motion to dismiss, *see Brown v. Sessoms*, 774 F.3d 1016, 1023 (D.C. Cir. 2014), still she "must . . . plead sufficient facts to show a plausible entitlement to relief," *Fennell v. AARP*, 770 F. Supp. 2d 118, 127 (D.D.C. 2011).

Defendant argues that plaintiff "cannot state any disparate treatment claim under the ADEA" because she does not allege that she sought employment with OPM.  Def.'s Mem. at 12.  The Court concurs. On review of the complaint, as amended, the Court concludes that the few facts alleged fail to demonstrate a plausible age discrimination claim.

### III.  CONCLUSION

For the reasons discussed above, the Court will grant defendant's motion and deny plaintiff's motion.  An Order is issued separately.

**Signed:**   Emmet G. Sullivan
             United States District Judge

**Dated:**    May 28, 2021